### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROFESSIONAL SOLUTIONS INSURANCE COMPANY, | No. 3:12cv1382 |
| Plaintiff | (Judge Munley) |
| v. | |
| GILLESPIE MISCAVIGE FERDIN LLC, JOSEPH R. BARANKO, JR. and LCL INDUSTRIES, INC., | |
| Defendants | |

### MEMORANDUM

Before the court for review is plaintiff's complaint, which seeks declaratory judgment under 28 U.S.C. § 2201, *et seq.*, the Declaratory Judgment Act. (Doc. 1). Because we decline to exercise jurisdiction, we will dismiss the case *sua sponte*.

**Background**

The instant litigation arises from two related state court lawsuits filed in the Court of Common Pleas of Schuylkill County. (See Doc. 1, Compl. (hereinafter "Compl.") ¶¶ 7-8). In the first lawsuit, captioned as <u>LCL Industries, Inc. v. Joseph R. Baranko, Jr.</u>, Defendant LCL Industries, Inc. (hereinafter "LCL") asserts claims against Defendant Joseph Baranko (hereinafter "Baranko") based on the following legal theories: (1) professional negligence, (2) breach of contract, (3) fraudulent concealment, (4) fraudulent misrepresentation, (5) negligent misrepresentation, (6) breach of fiduciary duty, (7) aiding and abetting tortious conduct, and (8) civil conspiracy. (See Compl. ¶¶ 8, 24; Doc. 1-2, Ex. A, Am. Compl.). In the second lawsuit, captioned as <u>LCL Industries, Inc. v. Gillespie, Miscavige, Ferdinand &</u>

Baranko, LLC, LCL asserts claims against Defendant Gillespie Miscavige Ferdinand and Baranko LLC (hereinafter "GMF&B") based on the following legal theories: (1) professional negligence, (2) breach of contract, (3) breach of fiduciary duty, and (4) respondeat superior liability based on the alleged acts and omissions committed by Baranko.  (See Compl. 9, 25; Doc. 1-3, Ex. B, Compl.).  Both underlying actions involve a common set of facts regarding the legal services Baranko and GMF&B provided to LCL from 2006 to 2009, and both complaints allege that Baranko committed wrongful acts during the course of his representation of LCL.  (See Compl. ¶¶ 12-23).

GFM&B has a professional liability insurance policy with Plaintiff Professional Solutions Insurance Company (hereinafter "PSIC").  (See Compl. ¶ 11; Doc. 1-4, Ex. C, Certificate of Insurance).  Baranko and GFM&B tendered the underlying Schuylkill County actions to PSIC for defense and indemnification under the policy.  (Compl. ¶ 26). PSIC agreed to defend Baranko and GFM&B in the underlying actions subject to an express reservation of rights under the policy.  (See id. ¶ 27).

PSIC filed the instant five-count complaint in this court on July 17, 2012. The complaint seeks a declaratory judgment from this court that PSIC has no duty to defend or indemnify Baranko and GMF&B in the underlying lawsuits. (See Compl. ¶¶ 7-10).  Specifically, PSIC seeks the following:  in Count I, a declaration that coverage is precluded for the underlying actions by the business enterprise exclusions of the policy; in Count II, a declaration that coverage is precluded for the underlying actions by the conduct exclusions of

2

the policy; in Count III, a declaration that Baranko does not qualify as an insured under the policy; in Count IV, a declaration that some of the allegations and claims in the underlying actions do not arise out of professional services provided by Baranko; and in Count V, a declaration that punitive damages, exemplary damages and multiplied portions of any award or judgment do not constitute damages under the policy.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff Professional Solutions Insurance Company is an Iowa corporation with a principal place of business in Clive, Iowa.  (Compl. ¶ 1). Defendant Gillespie Miscavige Ferdinand and Baranko LLC is a Pennsylvania limited liability company with a principal place of business in Hazelton, Pennsylvania.  (Id. ¶ 2).  Defendant Joseph R. Baranko, Jr. is a citizen of Pennsylvania.  (Id. ¶ 3).  Defendant LCL Industries, Inc. is a Pennsylvania corporation with a principal place of business in McAdoo, Pennsylvania.  (Id. ¶ 4). Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.00, the court has jurisdiction over the case.  See 28 U.S.C. § 1332(a) (establishing that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States.").

**Discussion**

As noted above, plaintiff seeks a declaratory judgment.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  The United States Supreme Court has declared that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).

The Third Circuit Court of Appeals has concluded that a court's decision whether to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." Sthhate Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)).  Furthermore, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation."  Id. at 135 (citing Mitcheson v. Harris, 995 F.2d 235, 240 (4th Cir. 1992)).  These considerations are especially important because

4

"district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id.  A court may *sua sponte* exercise its discretion not to hear a case under the Declaratory Judgment Act. Id. at 136.

The question here is whether the court should exercise its discretion to hear a declaratory judgment action when a related matter is pending in state court.  The plaintiff in the instant action seeks to have this court declare that it has no duty to defend or indemnify Baranko and GMF&B in the underlying state court suits.[1]  Any judgment we issue in this case would turn on contract interpretation under state law, and would depend largely on applying well-settled principles of Pennsylvania law to the factual occurrences that gave rise to the state-court actions.  Plaintiff does not ask us to resolve questions of federal statutory or constitutional law which we might be peculiarly qualified to answer.  In short, plaintiff seeks to have this court issue a judgment, based on state law, that will allow the insurance company to avoid any potential obligations in the underlying state court lawsuits.  A state court can as easily answer these questions as we can, and there is no need to resort to a federal forum to do so. See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").

---

[1] We note that it would be premature for us to determine whether plaintiff has a duty to indemnify.  No court has declared any financial obligation resulting from the state court action; therefore, there is no case or controversy with regards to whether plaintiff is required to pay monies under the policy.

5

Adding our opinion to those of the state court in this case would make the matter unnecessarily more complex. We could not rule on the issues in this case and promote the principle of judicial efficiency.

Accordingly, we will exercise our discretion to decline jurisdiction in this case. See id. (holding that "[t]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts."). An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PROFESSIONAL SOLUTIONS INSURANCE COMPANY,** | : | **No. 3:12cv1382** |
| **Plaintiff** | : | **(Judge Munley)** |
| **v.** | : | |
| **GILLESPIE MISCAVIGE FERDIN LLC, JOSEPH R. BARANKO, JR. and LCL INDUSTRIES, INC.,** | : | |
| **Defendants** | : | |

## **ORDER**

**AND NOW,** to wit, this 23rd day of July 2012, the plaintiff's complaint (Doc. 1) under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, is hereby **DISMISSED** *sua sponte*. The Clerk of Court is directed to close the case.

                                                **BY THE COURT:**

                                                **s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**